**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ARTHUR JACKSON (#104269)**                                **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, WARDEN, ET AL.**                              **NO. 07-0693-FJP-DLD**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 14, 2008.

                                              _____
                                              **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARTHUR JACKSON (#104269)                                CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN, ET AL.                            NO. 07-0693-FJP-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to dismiss of defendant N. Burl Cain, rec.doc.no. 18.  This motion is not opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain and Sgt. Matthew McMiller, complaining that his constitutional rights were violated during a period of approximately 3½ months in early 2007 as a result of conditions to which he was subjected at LSP.[1] Specifically, the plaintiff complains that, during this period of time, while he was housed in administrative segregation and awaiting availability of space in extended lockdown, he was deprived of any opportunity for "outdoor exercise".

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  In <u>Bell Atl. Corp. v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a

---

[1] The record reflects that attempts by the United States Marshal's Office to serve defendant Matthew McMiller have proven unsuccessful because the Louisiana Department of Public Safety and Corrections has not accepted service on this defendant's behalf.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings.  It is appropriate, therefore, that the plaintiff's claims against defendant McMiller be dismissed, without prejudice.

motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Id., quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, __ U.S. __, 127 U.S. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, in order to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, the plaintiff alleges that, while confined in administrative segregation between February 26 and June 20, 2007, he was not allowed his "yard exercise privilege" and so was deprived of an opportunity for "outdoor exercise". He does not allege, however, that he sustained any injury or actual harm as a result of this deprivation.

In the Court's view, the plaintiff's claim fails to rise to the level of a constitutional violation. First, the plaintiff concedes that he was maintained in administrative confinement, not as a punitive measure, but merely because space was not then available at his assigned housing location. In

this regard, the law is clear that the classification of prisoners is a matter left to the sound discretion of prison officials, and inmates have no right to a particular classification under state law. Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983); McGruder v. Phelps, 608 F.2d 1023, 1026 (5th Cir. 1979). Prison officials are afforded broad administrative and discretionary authority over the institutions they manage, and lawfully incarcerated persons retain only a narrow range of protected liberty interests. Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). So long as the conditions and degree of confinement are within the sentence imposed on an inmate and do not otherwise violate the Constitution, the Due Process Clause does not in itself subject a prison official's treatment of an inmate to judicial oversight. Hewitt, supra, 459 U.S. 468, 103 S.Ct. at 869. Where the decision to keep an inmate is reasonably related to legitimate security objectives and is not an exaggerated response to security considerations, there is no denial of due process. McCord v. Maggio, 910 F.2d 1248 (5th Cir. 1990).

Based upon these well-settled legal principles, the Court finds no abuse of discretion in the decision of prison officials to maintain the plaintiff in administrative, non-punitive, housing while awaiting space in his assigned housing unit. In the context of prison housing, there will unquestionably be times when, due to the unavailability of space in one area of the prison, an inmate-plaintiff may necessarily be housed in another area while awaiting the availability of such space.

Turning to the plaintiff's claim that he was not allowed an opportunity for outdoor exercise for a period of approximately 3½ months, the Court concludes that the plaintiff fails to state a claim of constitutional dimension. In this regard, the law is clear under the Eighth Amendment that an inmate has the constitutional right to be free from exposure to cruel and unusual conditions of confinement. While the Eighth Amendment "does not mandate comfortable prisons", Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), the Constitution imposes upon prison officials only minimal requirements in the treatment and facilities which they provide to prisoners. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Prison

officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and a constitutional violation occurs when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." Harris v. Angelina County, Texas, 31 F.3d 331 (5th Cir. 1994), citing Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Second, under a subjective standard, the Court must determine whether the prison officials responsible for the deprivation have been "'deliberately indifferent' to inmate health or safety". Farmer v. Brennan, supra. Specifically, the Court must find that prison officials were both aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they must also have drawn the inference. Id. The deliberate indifference standard is appropriately applied to the plaintiff's allegations regarding the conditions of his confinement. Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995); Wilson v. Seiter, supra.

The courts of this Circuit and others have held that a reasonable opportunity for exercise is a constitutional right which may not arbitrarily be revoked, see, e.g., Green v. Ferrell, 801 F.2d 765 (5th Cir. 1986); Ruiz v. Estelle, 679 F.2d 1115 (5th Cir. 1982), amended in part and vacated in part, 688 F.2d 266 (5th Cir. 1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Maze v. Hargett, 1998 WL 378369 (N.D. Miss. April 27, 1998), affirmed, 200 F.3d 814 (5th Cir. 1999). However, "neither the Supreme Court nor the Fifth Circuit Court of Appeals has ever specifically held that inmates enjoy an absolute right of out-of-cell recreation or exercise." Clifford v. Stalder, 2007 WL 2229566 (W.D. La. June 4, 2007)(emphasis in original), citing Green v. Ferrell, 801 F.2d 765 (5th Cir. 1986)(setting aside lower court's judgment requiring county jail to provide either outdoor exercise or an indoor exercise facility), and Ruiz v. Estelle, 679 F.2d 1115 (5th Cir. 1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983). Rather, "the Fifth Circuit has always and only held that an extended deprivation of exercise opportunities might impinge upon an inmate's Eighth Amendment rights depending upon the particular facts of a given

case." Id.

In the instant case, the plaintiff was apparently held for approximately 3½ months without outdoor exercise while awaiting space at his assigned housing unit. He does not allege that he was deprived of an opportunity to walk on his tier outside his cell, see Green v. Ferrell, supra; Wilkerson, supra, nor does he assert that he was unable to perform exercises within his cell, see Clifford v. Stalder, supra (recognizing that "[e]xtended Lockdown offers unimpeded access to space in the assigned cell to exercise."). Accordingly, the Court finds that under the facts of this case, the plaintiff has failed to state an Eighth Amendment claim of the violation of his constitutional rights. Cf., Peterson v. Peshoff, 216 F.3d 1079 (5th Cir. 2000) (dismissing as frivolous inmate's claim of denial of outdoor exercise for 1½ months).

Finally, other than alleging general dissatisfaction with the absence of an opportunity for outdoor exercise, the plaintiff makes no assertion that he suffered any injury or ill-effects as a result thereof. Pursuant to 42 U.S.C. § 1997e(e), the law is clear that, "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Accordingly, in the absence of any allegation of actual injury, the plaintiff has failed to allege a claim which amounts to a constitutional violation. For this reason as well, this claim is subject to dismissal. See, e.g., White v. Simpson, 2005 WL 425264 (N.D. Tex. Feb. 22, 2005)("Despite his conclusory and self-serving assertion that outdoor exercise is essential to preserve health, plaintiff did not suffer any physical injury due to the lack of recreation. Under these circumstances, there is no constitutional violation.").

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's claims against defendant Matthew McMiller be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is the further recommendation of the Magistrate Judge that the motion to dismiss of the remaining defendant, N. Burl Cain, rec.doc.no. 18, be granted, dismissing the plaintiff's claims against this defendant, with prejudice,

and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on October 14, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**